Lin v. Garland

BIA
A094 922 033

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand twenty-two.

PRESENT:
      RICHARD J. SULLIVAN,
      EUNICE C. LEE,
      BETH ROBINSON,
         *Circuit Judges.*

_____

YIE LIN,
      *Petitioner*,

      v.                                19-2250
                                          NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:                    Richard Tarzia, Esq., Belle Mead, NJ.

FOR RESPONDENT:                    Joseph H. Hunt, Assistant Attorney General; Linda S. Wernery, Assistant Director; Monica M. Twombly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yie Lin, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA denying his motion to reopen his removal proceedings. *In re Yie Lin*, No. A094 922 033 (B.I.A. June 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Lin's 2018 motion to reopen was untimely because it was filed almost six years after his removal order became final in 2012. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day time limit); 8 C.F.R. § 1003.2(c)(2) (same). Lin argues that the BIA should have excused the time limit and reopened the proceedings because his notice to appear ("NTA"), which did not contain a hearing date or time, was

deficient under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and thus did not vest jurisdiction with the immigration judge. The BIA did not abuse its discretion in denying reopening because Lin had no likelihood of success in terminating his proceedings based on *Pereira*. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (explaining that the BIA may deny a motion to reopen for failure to establish a prima facie case).

In *Pereira*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires an NTA to include a hearing time and place to trigger the "stop-time rule," 138 S. Ct. at 2118, which halts a noncitizen's accrual of physical presence or residence for the purposes of cancellation of removal, *see* 8 U.S.C. § 1229b(a), (b), (d)(1). But Lin did not seek cancellation of removal, and an NTA that omits hearing information is sufficient to vest the immigration court with jurisdiction over removal proceedings "so long as a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019). Thus, although Lin's NTA did not specify the date and time of his initial hearing, the BIA did not err in declining to reopen because Lin unquestionably received notice of his hearings at which he appeared. *See id.*

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court